**THE URBAN LAW FIRM**
MICHAEL A. URBAN, Nevada State Bar No. 3875
NATHAN R. RING, Nevada State Bar No. 12078
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Telephone: (702) 968-8087
Facsimile: (702) 968-8088
Electronic Mail: murban@theurbanlawfirm.com
                nring@theurbanlawfirm.com
*Counsel for Plaintiffs Trusts*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE NEVADA RESORT ASSOCIATION—INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, PENSION TRUST; TRUSTEES OF THE NEVADA RESORT ASSOCIATION—INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, WAGE DISABILITY TRUST; and TRUSTEES OF THE NEVADA RESORT ASSOCIATION— INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, APPRENTICE AND JOURNEYMAN TRAINING AND EDUCATION TRUST<br><br>Plaintiffs,<br><br>vs.<br><br>AUDIO VISUAL SERVICES GROUP, INC., a/k/a PSAV-AVHQ a/k/a PSAV PRESENTATION SERVICES,<br><br>Defendant. | CASE NO:<br><br>**COMPLAINT FOR BREACH OF CONTRACT AND BREACH OF ERISA**<br><br>[29 U.S.C. § 185(a) and § 1132(e)] |

Plaintiffs, jointly and severally, complain and allege as follows:

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this case pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e)(1), which grants the United States District Courts exclusive jurisdiction over civil actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C. § 1132(f).

2. This Court has jurisdiction of this case pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. §185(a), which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. §185(a), in that this is the district in which the Trusts (defined below) are administered, the signatory union maintains its offices, and where the relevant acts took place.

4. To the extent this Complaint sets forth any claims based upon state law, this Court holds supplemental jurisdiction over those claims pursuant to 28 U.S.C. §1367(a).

## PARTIES

5. Plaintiffs are TRUSTEES OF THE NEVADA RESORT ASSOCIATION—INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, PENSION TRUST; TRUSTEES OF THE NEVADA RESORT ASSOCIATION—INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, WAGE DISABILITY TRUST; and TRUSTEES OF THE NEVADA RESORT ASSOCIATION—INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING

PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA, LOCAL 720, APPRENTICE AND JOURNEYMAN TRAINING AND EDUCATION TRUST (collectively hereinafter "Trusts" or "Plaintiffs").

6. The Trusts are express trusts created pursuant to written Declarations of Trust ("Trust Agreements") between the Nevada Resort Association and the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada, Local 720 (hereinafter "Local 720"). The Trusts are now, and were at all times material to this action, labor-management multiemployer trusts created and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5).

7. At all times material herein, Local 720 has been a labor organization representing employees in the entertainment industry in Southern Nevada and a labor organization representing employees in an industry affecting commerce within the meaning of Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

8. Plaintiffs as trustees of the Trusts are "fiduciar[ies]" with respect to the Trusts as defined in § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

9. At all times material to this Complaint, Defendant AUDIO VISUAL SERVICES GROUP, INC., a/k/a PSAV-AVHQ a/k/a PSAV PRESENTATION SERVICES (hereinafter "PSAV" or "Defendant"), has been a domestic corporation existing by virtue of the laws of the State of Nevada, with its principal place of business in Illinois.

**FIRST CLAIM FOR RELIEF**
**Breach of Written Collective Bargaining**
**Agreements and Related Trust Agreements**

10. Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs 1 through 9, inclusive, as though fully set forth herein.

11. At all times material herein, there was in effect a collective bargaining agreement between Local 720 and Defendant (hereinafter "Labor Agreement"). Since on or about July 1, 2008, and extended in January 2015, Defendant, pursuant to its Labor Agreement, has recognized Local 720 as the authorized representative of all of its employees performing work covered under the Labor

Agreement. Defendant has agreed to be bound to the terms of the Labor Agreement and the Trust Agreements incorporated therein.

12. By its own admission through compliance with the Labor Agreements and paying fringe benefit contributions due thereunder, Defendant has demonstrated it is obligated to the terms and provisions of their respective Labor Agreement and Trust Agreements.

13. Pursuant to the terms and conditions of the Labor Agreement, and at all times relevant herein, Defendant was bound by the Declarations of Trust establishing the Trusts and was bound by the policies and procedures promulgated by the Boards of Trustees of the Trusts.

14. The respective Labor Agreements, Trust Agreements and the policies and procedures established by Board of Trustees of each of the Trusts required Defendant to contribute monthly fringe benefit contributions to the Trusts based on a percentage of gross wages earned by or paid to employees who were covered by the Labor Agreements and to report the names of the employees and their hours worked on a monthly basis in a manner determined by the Board of Trustees of the Trusts.

15. PSAV is an "employer," as that term is understood and defined in the Labor Agreements and related Trust Agreements.

16. PSAV is an "employer" as defined and used in Section 3(5) of ERISA, 29 U.S.C. §1002(5), and, therefore, Defendant PSAV is "obligated to make contributions to a multiemployer plan" within the meaning of Section 515 of ERISA, 29 U.S.C. §1145. Plaintiffs are informed and believe, and thereon allege, that Defendant PSAV is also an "employer" engaged in "commerce" in an "industry affecting commerce," as those terms are defined and used in Section 501(1) and Section 501(3) of the LMRA, 29 U.S.C. §§ 142(1) and 142(3), and within the meaning and use of Section 301(a) of the LMRA, 29 U.S.C. §185(a).

17. By the terms and provisions of the Labor Agreement and related Trust Agreements, and at all times material herein, Defendant was obligated to the following:

    17.1 To prepare and submit true, complete and accurate written monthly contribution reports to the Trusts on a timely basis showing i) the identities of employees performing work covered by the Labor Agreement, ii) the amounts earned by or paid to these

employees, iii) the rates of pay, iv) character of hours worked (e.g., straight time, over-time, etc.), and v) based upon the amounts earned by or amounts paid to employees, the proper calculation of the fringe benefit contributions, benefits and/or withholdings attributable to same employees, which monthly contribution reports are due on the 20th day of each successive month; and

    17.2    To maintain adequate records of work performed by and amounts paid to its employees. Defendant was obligated to permit the Trusts and their agents to conduct audits of Defendant's payroll and related records in order to determine if fringe benefit contributions had been properly paid pursuant to the respective Labor Agreements and related Trust Agreements; and

    17.3    To properly pay fringe benefit contributions to the Trusts. Benefits and/or other withholdings were to be made on a monthly basis, and at specified percentages based on the amounts earned or paid to applicable employees; these amounts are due and payable at the Trusts' administrative offices.

18.    On or about October 23, 2018, Plaintiffs, through their retained auditor, Rubin Brown, LLP (hereinafter "auditor") requested documents to conduct an audit of Defendant's payroll and related records for the time period of January 1, 2015 to December 31, 2017. PSAV failed to respond or submit the documents.

19.    On or around November 5 and November 13, 2018, the auditor again requested the additional documents from PSAV to conduct the audit. Eventually, PSAV responded that the company was in their busy season and would provide documents as soon as possible.

20.    On or around November 28, 2018, the auditor again requested documents from PSAV to conduct the audit. Shortly thereafter, PSAV contacted the auditor claiming they would have availability the following week to provide the requested documents. However, PSAV failed to respond or submit the documents.

21.    On December 7 and December 10, 2018, the auditor once again followed up with PSAV regarding their documents. PSAV failed to respond or submit the documents.

22. On December 19, 2018, The Urban Law Firm, on behalf of Plaintiffs, sent a demand to PSAV for the records necessary to complete the audit of its payroll and related records. PSAV failed to respond or submit the documents.

23. On February 14, 2019 and finally on March 29, 2019, The Urban Law Firm sent demand letters to PSAV for the records to complete the audit of PSAV's payroll and related records. PSAV failed to respond or submit the documents.

24. Since October 2018, PSAV has failed to provide the requested payroll records to the auditor or to Plaintiff's counsel.

25. Due to PSAV's refusal to permit an audit, the exact amount of contributions and/or contract damages due and owing have not been ascertained at this time. These amounts, if any exist, will be established by proof at trial herein or through dispositive motion following completion of an audit. PSAV's refusal to produce all requested documents is a breach of the CBA and Trust Agreements.

26. The Trust Agreements and collection procedures adopted by the Boards of Trustees of the Trusts provide the Defendant will pay any legal and auditing costs when they are referred to legal counsel for assistance in completing an audit or obtaining collection of amounts owed, whether before or after litigation is commenced.

27. It has been necessary for the Trusts to engage The Urban Law Firm for the purpose of obtaining Defendant's compliance with the applicable Labor Agreements and Trust Agreements.

28. Pursuant to the Labor Agreements and Trust Agreements, the Trusts are entitled to an award of their reasonable attorney's fees incurred to enforce the Labor Agreement and Trust Agreements even if no amounts are shown to be owed after the audit.

**WHEREFORE**, the Trusts pray for judgment against PSAV, as follows:

1. For an order compelling PSAV to submit to and cooperate with the audit of their books, documents, and other things by the Trusts duly appointed representative;

2. For unpaid fringe benefit contributions, if any, in amounts as proven;

3. For damages for breach of contract in amounts, if any, as proven;

4. For liquidated damages in amounts, if any, as proven;

5. For audit expenses, if any, in amounts as proven;

6. For interest at the agreed upon contractual rate on all fringe benefit contributions and/or damages, if any, until paid in full;

7. For the Trusts' reasonable attorney's fees;

8. For the Trusts' costs of suit incurred herein; and

9. For such additional relief as this Court deems just and proper.

Dated: April 15, 2019

THE URBAN LAW FIRM

*/s/ Nathan Ring*

MICHAEL A. URBAN, Nevada Bar No. 3875
NATHAN R. RING, Nevada State Bar No. 12078
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Telephone: (702) 968-8087
Facsimile: (702) 968-8088
Electronic Mail:  murban@theurbanlawfirm.com
           nring@theurbanlawfirm.com
**Counsel for Plaintiffs Trusts**